IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHAWN ANTONIO SHAVERS,<br>Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : <br> : | |
| JUDGE GEORGE F. HUTCHINSON III et al.,<br>Defendants. | : <br> : <br> : | CIVIL ACTION NO.<br>1:14-CV-3483-WSD-LTW |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Gwinnett County Jail in Lawrenceville, Georgia. Plaintiff, pro se, filed a "complaint against gwinnett county superior court officials for judicial misconduct and prosecutorial overeach [sic]," (Doc. 1), but did not include the filing fee for a civil action or an application to proceed *in forma pauperis* ("IFP").

On November 3, 2014, the Court directed Plaintiff to submit either the filing fee or an IFP application. (Doc. 2.) The Court instructed Plaintiff that "[a]ny IFP application must include a jail official's certification regarding Plaintiff's inmate financial account." (*Id.* at 1.) The Court provided Plaintiff with an IFP application, which includes a "certificate" regarding Plaintiff's inmate financial account that is to be completed by a jail official. (Doc. 3 at 3.)

AO 72A
(Rev.8/82)

Plaintiff returned the IFP application, but the certificate is blank. (*Id.*) Plaintiff thus did not comply with the Court's Order, and this case is subject to dismissal on that basis. *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa.

The case also should be dismissed because Plaintiff seeks relief the Court cannot provide. In a letter accompanying his IFP application, Plaintiff states that his complaint pertains to "'Judicial Misconduct' and Impeachment of Judicial Officials" and not a claim under 42 U.S.C. § 1983. (Doc. 3-1.) This Court is not a judicial review agency and cannot impeach judicial officers. *See Dykes v. Hosemann*, 743 F.2d 1488, 1502 n.3 (11th Cir. 1984) (Hill, J., dissenting) (noting that "a bad judge who is performing improper and unethical acts . . . should be remedied by impeachment, or at the following judicial elections, and not by a section 1983 action" in federal court). Moreover, the Court cannot interfere in Plaintiff's pending criminal case in Gwinnett County – which would be the effect of granting the injunctive relief Plaintiff seeks in his complaint – or direct the judge or prosecutor in the conduct of that case. *See* 28 U.S.C. § 1361 (mandamus relief limited to federal officials); *Younger v. Harris*, 401 U.S. 37 (1971) (federal courts must abstain from interfering with proceedings in state courts that implicate important state interests); *see also* Order, *In re Shavers*, No. 14-12747-B (11th Cir. Oct. 9, 2014) (denying Plaintiff's

request for mandamus against state judicial officials because it was frivolous); Order, *Shavers v. Hamil*, No. 1:13-cv-697-WSD (N.D. Ga. Feb. 7, 2014) (dismissing Plaintiff's earlier suit against the judge, prosecutor, defense counsel, and other officials connected with Plaintiff's criminal case).

Because Plaintiff did not comply with the Court's IFP Order and does not state a claim upon which relief may be granted, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

**SO RECOMMENDED** this 18 day of November, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

3