IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAWN ANTONIO SHAVERS,

         Plaintiff,

v.

JUDGE GEORGE F. HUTCHINSON, III, and NIGEL LUSH, Assistant District Attorney, Gwinnett Judicial Official(s) et. seq.,

         Defendants.

1:14-cv-3483-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [4] ("R&R"). The R&R considers Plaintiff Shawn Antonio Shavers' ("Plaintiff") Complaint [1] ("Complaint"). The Magistrate Judge recommended that Plaintiff's Complaint be dismissed for failure to comply with the Magistrate Judge's November 3, 2014, Order [2] and for failure to state a claim upon which relief can be granted. Also before the Court is Plaintiff's Motion for Extension of Time to Submit IFP Authorization Form [9] ("Motion for Extension").

## I. BACKGROUND

On October 29, 2014, Plaintiff, an inmate at the Gwinnett County Jail in Lawrenceville, Georgia, filed his Complaint, seeking injunctive relief against Gwinnet County, Georgia Superior Court Judge George F. Hutchinson, III and Nigel Lush, Assistant District Attorney for Gwinnet County, Georgia (together, "Defendants") in relation to Plaintiff's criminal case currently pending in Gwinnett County, Georgia. (Complaint at 1-2).

On November 3, 2014, the Magistrate Judge ordered [2] Plaintiff to submit, within thirty (30) days of the date of the order, either the filing and administrative fee of $400 or a completed application to proceed *in forma pauperis* ("IFP Application"). (November 3, 2014, Order, at 1). The Magistrate Judge ordered Plaintiff to include a jail official's certification ("Certificate") regarding Plaintiff's inmate financial account with any IFP Application filed. (Id.).

On November 10, 2014, Plaintiff filed his IFP Application [3], but did not include a completed Certificate. Plaintiff, thus, did not comply with the Magistrate Judge's November 3, 2014, Order. On November 18, 2014, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint for Plaintiff's failure to comply with the November 3, 2014, Order. (R&R at 2). The Magistrate Judge

also recommended dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (Id. at 2-3).

Plaintiff did not file any objections to the R&R. On December 12, 2014, Plaintiff filed his Motion for Extension. As of the date of this Order, Plaintiff has not submitted a completed Certificate.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.  Analysis

As Plaintiff has not objected to the Magistrate Judge's R&R, the Court reviews the Magistrate Judge's findings and recommendations for plain error. See Slay 714 F.2d at 1095. The Magistrate Judge found that Plaintiff failed to comply with the November 3, 2014, Order, and properly recommended that the Court dismiss Plaintiff's Complaint.[1] See LR 41.3(A)(2), NDGa. The Magistrate Judge also recommended dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted. The Magistrate Judge noted that the Court is not authorized to provide injunctive relief in Plaintiff's pending criminal case, or to direct the conduct of Defendants in that case. (R&R at 2-3); see also 28 U.S.C. § 1361 (mandamus relief limited to federal officials); Younger v. Harris, 401 U.S. 37 (1971) (absent extraordinary circumstances, federal courts should abstain from interfering with ongoing state proceedings). The Court finds no plain error in Magistrate Judge's findings and recommendation. See Slay, 714 F.2d at 1095.

---

[1] The Court notes that Plaintiff, despite having filed his Motion for Extension on December 12, 2014, has not complied with the Magistrate Judge's November 3, 2014, Order, in the intervening five months. The Court concludes that denial of Plaintiff's Motion for Extension is warranted.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Submit IFP Authorization Form [9] is **DENIED**.

**SO ORDERED** this 18th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE